# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAFFORD JOEL SPICER, <br><br> Petitioner, <br><br> v. <br><br> DANIEL PARAMO, Warden, <br><br> Respondent. | Case No. CV 17-07353-PA (AFM) <br><br> **ORDER TO SHOW CAUSE** |

Petitioner filed this petition for writ of habeas corpus on September 27, 2017.[1] On July 24, 2018, Respondent filed a motion to dismiss the petition, arguing that it is barred by the one-year period of limitation set forth in the AEDPA. *See* 28 U.S.C. § 2244(d)(1). (ECF No. 13.) Petitioner's opposition was due on August 13,

---

[1] Although the petition was stamped filed by the Clerk's Office on October 5, 2017, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a petition is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In this case, the Court assumes that petitioner handed his state and federal petitions to the proper prison official on the date he signed them. *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").

2018. As of the date of this order, Petitioner has not filed an opposition to the motion.

### 1. Local Civil Rule 7-12

As an initial matter, the petition is subject to dismissal based upon Petitioner's failure to file an opposition to Respondent's motion to dismiss. *See* C.D. Cal. Local Civil Rule 7-12 (the failure to file an opposition may be deemed consent to the granting of the motion).

### 2. Statute of Limitation

State prisoners have a one-year statutory period to file a federal application for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This one-year period commences on the latest of four dates designated by statute:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, Petitioner's conviction became final on October 20, 2015, when the time for filing a petition for a writ of certiorari expired. *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). Absent tolling or some other exception, petitioner had one year – that is, until October 20, 2016 – to file a federal habeas corpus petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-1246 (9th Cir. 2001).

Statutory Tolling

The limitation period does not run while a properly filed state application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). *See Carey v. Saffold*, 536 U.S. 214, 218-219 (2002). Further, in California, an application is "pending" both during the time while a properly filed habeas application is actually before a state court and during the "gap" between a lower court's entry of judgment and the timely filing of a petition in the next higher court. *See Carey*, 536 U.S. at 218-219 (in California, state habeas petitions are "pending" so as to toll the limitation period during the interval between a lower court's determination of an initial petition and the filing of a subsequent petition in a higher court).

On October 2, 2016, nineteen days before the limitation period expired, Petitioner filed a habeas corpus petition in the California Superior Court. (Lodgment 4.) The petition was denied on October 13, 2016. (Lodgment 5.) On October 25, 2016, Petitioner filed a habeas corpus petition in the California Court of Appeal. (Lodgment 6.) The petition was denied on March 30, 2017. (Lodgment 7.) On April 13, 2017, Petitioner filed a habeas corpus petition in the California Supreme Court. (Lodgment 8.) That petition was summarily denied on July 19, 2017. (Lodgment 9.)

Based upon Petitioner's state petitions, the limitation period was statutorily tolled from October 2, 2016 (the date on which he filed his first petition) until July 19, 2017 (the date on which the California Supreme Court denied his habeas corpus petition). The limitation period resumed running on July 20, 2017, and expired nineteen days later, that is, on August 8, 2017. Petitioner did not file this petition until September 27, 2017, 50 days after the limitation period expired. As a result, it appears to be untimely.

Equitable Tolling

The limitation period also can be equitably tolled. Equitable tolling is warranted only if a petitioner shows "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). It is Petitioner's burden to show he is entitled to equitable tolling. *See Pace*, 544 U.S. at 418; *see generally King v. Spearman*, 2018 WL 3655704, at *5 (C.D. Cal. June 20, 2018) ("Petitioner has not met his burden of proof for the first prong of the equitable tolling requirement."), *report and recommendation adopted,* 2018 WL 3655419 (C.D. Cal. July 30, 2018). Here, Petitioner has not alleged that extraordinary circumstances prevented him from timely filing a federal petition.[2]

**For the foregoing reasons, Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of this Order why this action should not be dismissed as untimely or for failure to prosecute.** Petitioner may discharge this Order by filing an opposition to Respondent's motion to dismiss. Any opposition shall indicate whether and when Petitioner filed any other petitions challenging his conviction in the state court. If Petitioner contends that he is entitled to a later date of accrual (*i.e.*, that unconstitutional state action prevented him from timely filing a petition or that he could not have discovered the factual predicate of his claims until a certain date after his conviction became final) or that he is entitled to equitable tolling, Petitioner must describe specifically the nature and duration of any circumstances which petitioner believes impeded his ability to timely file his petition. All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, *see* 28 U.S.C. §1746, or in

---

[2] The Court notes that Petitioner previously filed a habeas corpus petition in this Court and that petition was summarily dismissed based upon Petitioner's pending state court proceedings. Case No. CV16-07757-BRO(JCG). In some circumstances, a district court's dismissal of a federal petition without providing the petition an opportunity to withdraw unexhausted claims may warrant equitable tolling. *See*, *e.g.*, *Butler v. Long*, 752 F.3d 1177, 1181 (9th Cir. 2014). As discussed, Petitioner has not argued that he is entitled to equitable tolling on this ground or on any other. Given the procedural posture of this case, the Court declines to make a determination as to the availability of equitable tolling.

properly authenticated documents.

**Finally, petitioner is cautioned that his failure to timely file a response to this Order may result in the dismissal of this petition as untimely or for failure to prosecute and failure to comply with a court order.** *See* Fed. R. Civ. P. 41(b); C.D. Cal. Local Civil Rule 41-1.

**IT IS SO ORDERED.**

DATED: 8/27/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE